Nash, J.
 

 The action is brought to recover the value of
 
 &
 
 slave named Jacob, the property of the plaintiff, who was drowned at the fishery of the defendants. The defendants were the owners of the fishery, and hired Jacob of the plaintiff, as a boatman, to work there. On an attempt to pdt- out the seine, the boat, in which Jacob was, was upset and he drowned.- Much conflicting testimony was given, both as t-o the state of the weather, at the time the attempt was made to cai'ry out the seine, being a very dark and stormy night, and on the propriety of doing so at that time.
 

 His Honor, after stating io the jury, the principles ot law governing the action as against the defendants, left the. case upon the facts to them, instructing them, in substance, if they believed the witnesses for the plaintiff, they should-return a verdict for her, but if
 
 they
 
 believed those of the
 
 *169
 
 defendants, they ought to find for them. A verdict and judgment were rendered for the plaintiff and the defendants appealed.
 

 No error is assigned to the charge ; it was as favorable to the defendants as it could be, and, if any error was committed, it was not one of which they had any right to complain.
 

 Upon the argument here, it was not denied that the doctrine of
 
 respondeat superior
 
 applied to the defendants.— But it was contended that the Superior Court of Bertie, where the cause was tried, had no jurisdiction of the cause. This objection, it was alleged, was apparent upon the record, and, if so, the defendants are entitled to the benefit of it. The objection was urged on two grounds, first, that it did not sufficiently appear, that any Special Term of Gates Superior Court was held according to law, and secondly, that, if so held, it had no power to remove the cause to the Superior Court of Bertie. To sustain the first objection, two reasons were assigned, first, that the record does not show any order for holding the Special Term, nor does it show, if so ordered, that it was held by any Judge of the Superior Court. The cause, was pending in the Superior Court of Gates, at the regular term thereof, in the spring of 1851. The i’ecord then proceeds as follows, “and afterwards, at Spring • Term, 1851, the cause was continued,’’ and, afterwards at June Special Term, 1851, “this cause, on affidavit of the defendants, was removed to Bertie Superior Court.’’ It does, then, appear from the record, that a Special Term of Gates Superior Court was held, and we are bound,
 
 prima facie,
 
 to presume not only that an order for its being holden was duly made, but that it was duly held. The whole ground occupied by the objection, we are considering, is covered by the case, the
 
 State
 
 v
 
 Ledford,
 
 6 Ire. p. 5. In that case the defendant was
 
 *170
 
 convicted of perjury, at a Special Term of- the Superior Court of Yancy. After the conviction, a motion was made in arrest of judgment, because the indictment
 
 did not set
 
 forth an order of the Court, at the preceding regular term, for the Special. Term, nor charge, that the Judge, who held the Court, was duly appointed by the Governor to hold it. These objections were overruled, and the Court decide, that the act authorising Special Terms of the Superior Court, does not create a new Court. It is still the Superior Court of law, held by a Judge of the Superior Courts: and as a Superior Court, the regularity of its proceedings in point of time
 
 as in other things,
 
 is to be presumed until the contrary appears. “ In as much as the Special Term might be lawfully held, the fact, that it was lawfully held on a particular day and at the proper place, establishes, at least
 
 prima
 
 facie, that it was the due and proper time to hold it.” Nor was it necessary, that the appointment of the Judge to hold the Court should be spread upon the record. He does not claim his powers, as a Judge of the Superior Courts, from the appointment of the Governor, but from his election and commission as a Judge of the Superior Courts. The appointment by the Governor, is, under the act of ’44, ch. 16, nothing but a mode by which the Judge is assigned to hold the Special Term of the Court. We are bouno, then, to presume,
 
 prima- facie,
 
 that the Special Term of Gates Superior Court was regularly ordered and duly held, until the contrary appears.
 

 The second objection is, that, if the Special Term of Gates Superior Court was properly held, its power extended only to the trial of causes and not to their removal. Inthe first section of the act of ’44, ch. 16, providing for the ordering of Special Terms of the Superior Courts, it is provided, “and all the causes on the civil docket shall be tried, under the same rules and regulations as are now provided for the
 
 *171
 
 bolding the regular Terms-of said Court.” A Judge, presiding afea regular term,.has pow.er.to remove any- civil suit for trial to- an adjoining county, upon proper cause shown, of which he is the exclusive Judge, and by the 5th sec. of the act of
 
 %4,
 
 the Judge, holding the Special Term, is elothed with all the power to hear and determine the causes: on the docket, that he would have if presiding at a regular Term. He must necessarily have power to make all orders and rules, necessary to prepare a cause for trial and to expedite its progress. If this were not so, he could make no order to continue a cause or to take a deposition. To remove a cause for trial is among his, legitimate powers. But in this case, the cause was removed upon the affidavit of the defendants, and they appeared at Bertie Superior Court and defended the action. It is true that the consent of the defendants could not give the Court jurisdiction of the cause, but it had it under the law of the country, and it was exercised at their request, and it does not lie with them to allege this objection. In the language of the Court in the State against Seaborn, 4 Dev. 315, “It would be mischievous to allow the party an exception against .his own motion.”
 

 It is further urged, that, as soon as the Special Term closed, all the cases, remaining on the docket untried, returned to the regular Term. This is true, but immediately upon the termination of the Special Term in this case, this cause ceased to be on the docket; it was transferred to the Superior Court of Bertie.
 

 Pee, Cukiam. The motion in arrest of judgment overruled, and judgment below affirmed.